IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM MORRISON,

        Petitioner,               CASE NO. 2:13-CV-00188
                                         CRIM. NO. 2:11-cr-0023
  v.                                  JUDGE GREGORY L. FROST
                                         MAGISTRATE JUDGE KING

UNITED STATES OF AMERICA,

        Respondent.

<u>ORDER and</u>
<u>REPORT AND RECOMMENDATION</u>

Petitioner, a federal prisoner, filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *Motion to Vacate*, ECF 56. This matter is before the Court on the *Motion to Vacate*, Respondent's *Return of Writ*, ECF 63, Petitioner's *Memorandum of Law in Support of an Application Section 2255(F)(1) and Seeks an Evidentiary Hearing,* ECF 65 ["*Memorandum in Support*"], and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that counsel be appointed to represent Petitioner at an evidentiary hearing on his claim that he was denied the effective assistance of counsel because his attorney failed to file an appeal on his behalf and failed to consult with him regarding the filing of an appeal, and because he performed in a constitutionally ineffective manner during pre-trial proceedings. The Magistrate further **RECOMMENDS** that the remainder of Petitioner's claims be **DISMISSED**.

Petitioner's *Motion to Appoint Counsel*, Doc. No. 64, and *Request for an Evidentiary Hearing*, *see* Doc. No. 65, are **GRANTED.**

**Facts and Procedural History**

Petitioner's underlying convictions on a charge of being a felon in possession of a firearm and possession with intent to distribute over 50 grams of crack cocaine are the result of his negotiated *Plea Agreement*. *See* ECF 23. In a *Judgment Entry* filed March 1, 2012, the Court imposed an aggregate term of 132 months' imprisonment. ECF 49. Petitioner did not file an appeal from that judgment.

On March 1, 2013, Petitioner filed the *Motion to Vacate*, alleging that he was denied the effective assistance of counsel during pre-trial proceedings and because his attorney failed to file an appeal after having been instructed to do so and failed to consult with Petitioner regarding the filing of an appeal. Petitioner also alleges that the Court made various sentencing errors – *i.e.,* that his gun and drug convictions were improperly calculated as "separate units" under the advisory United States Sentencing Guidelines, thus improperly resulting in a two level increase in his recommended sentence, *Motion to Vacate*, PageID #222, *Memorandum in Support*, PageID #269; that his prior criminal history was improperly calculated, *Motion to Vacate*,. PageID #224, *Memorandum in Support*, PageID #271; and that the Court improperly based an upward departure in Petitioner's sentence on erroneous information, *Motion to Vacate*, PageID #225, *Memorandum in Support*, PageID #272. Respondent acknowledges that an evidentiary hearing must be conducted on Petitioner's claim that his attorney failed to file an appeal after having been requested to do so. *Return of Writ,* PageID #244. Respondent contends that Petitioner's remaining claims have been waived or are without merit.

**Ineffective Assistance of Counsel**

Petitioner alleges that he was denied the effective assistance of counsel during pre-trial proceedings and because his attorney failed to consult with Petitioner regarding the filing of an appeal and failed to file an appeal after having been requested to do so.

The right to counsel guaranteed by the Sixth Amendment to the United States Constitution is the "right to effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to prevail on a claim of ineffective assistance of counsel, a defendant (or petitioner) must meet the now-familiar two-prong *Strickland* test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687. The Supreme Court emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.*

Moreover, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 692. Rather, a defendant must demonstrate prejudice in order to prevail on a claim of ineffective assistance of counsel. *Id.* at 693. In this regard, a defendant must establish that a reasonable probability exists that, but for counsel's errors, the result of the proceedings would have been different. *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because a defendant must satisfy both prongs of the

*Strickland* test to demonstrate the ineffective assistance of counsel, should a court determine that a defendant has failed to satisfy one prong, it need not consider the other. *Id*. at 697.

The two-prong *Strickland* test for ineffective assistance of counsel applies to a defendant's challenge to counsel's performance during plea negotiations in a criminal prosecution. *Missouri v. Frye,* – U.S. –, –, 132 S.Ct. 1399, 1405 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). When a defendant challenges his counsel's performance as it relates to plea proceedings, the "first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence." *Id*. "The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id*. at 59. "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.

*Id*. at 59–60 (internal citation omitted); *see also Dando v. Yukins*, 461 F.3d 791, 798 (6th Cir. 2006) (quoting *Hill,* 474 U.S. at 59) (noting that to establish prejudice, a "defendant must show

4

that 'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial'"). "[T]he assessment of prejudice must include a prediction of the likely outcome at trial." *Id.*

The United States Court of Appeals for the Sixth Circuit has described the obligation of defense counsel as it relates to advice during the plea negotiations stage

> A criminal defendant has a right to expect at least that his attorney will review the charges with him by explaining the elements necessary for the government to secure a conviction, discuss the evidence as it bears on those elements, and explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available. In a system dominated by sentencing guidelines, we do not see how sentence exposure can be fully explained without completely exploring the ranges of penalties under likely guideline scoring scenarios, given the information available to the defendant and his lawyer at the time.

*Smith v. United States*, 348 F.3d 545, 553 (6th Cir. 2003) (citing *United States v. Day*, 969 F.2d 39, 43 (3d Cir. 1992)).

> Supporting this duty is the concomitant obligation of conducting "reasonable investigations or [reaching] a reasonable decision that makes particular investigations unnecessary." *Strickland,* 466 U.S. at 691, 104 S.Ct. 2052, 80 L.Ed.2d 674. "Counsel cannot responsibly advise a client about the merits of different courses of action, [and] the client cannot make informed decisions, . . . unless counsel has first conducted a thorough investigation. . . ." *Dickerson v. Bagley*, 453 F.3d 690, 694 (6th Cir. 2006) (noting that such an investigation "should begin as quickly as possible" in order to aid in plea negotiations (internal quotation marks omitted)). The Sixth Amendment does not require that counsel provide an absolutely correct assessment of the comparative risks of a guilty plea versus a trial, but the Supreme Court has "recognize[d] that counsel must at least be aware of such risks, especially where the lack of awareness directly impacts the reasoning behind whatever advice is provided." *Miller* [*v. Straub*], 299 F.3d [570,] 584 [6th Cir. 2002](Gilman, J., concurring).

*Titlow v. Burt,* 680 F.3d 577, 587 (6th Cir. 2012), *reversed on other grounds*, 134 S.Ct. 10 (2013).

Petitioner also alleges that he was denied the effective assistance of counsel because his attorney failed to file an appeal after having been requested to do so and failed to consult with Petitioner regarding the filing of an appeal.  The failure of an attorney to file a timely appeal upon a defendant's request constitutes the ineffective assistance of counsel.

> [E]very Court of Appeals that has addressed the issue has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. See *Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993); *United States v. Horodner,* 993 F.2d 191, 195 (9th Cir. 1993); *Bonneau v. United States,* 961 F.2d 17, 23 (1st Cir. 1992); *United States v. Davis,* 929 F.2d 554, 557 (10th Cir. 1991); *Williams v. Lockhart*, 849 F.2d 1134, 1137 n. 3 (8th Cir. 1988). We agree with those courts and hold that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment.

*Ludwig v. United States,* 162 F.3d 456, 459 (6th Cir. 1998).

> [A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. See *Rodriguez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *cf. Peguero v. United States,* 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

*Roe v. Flores–Ortega*, 528 U.S. 470, 478 (2000).  Where a criminal defendant neither instructs his attorney to file an appeal nor asks that an appeal be taken, a court must consider whether the

attorney consulted with his client regarding the filing of an appeal. If defense counsel consulted with his client regarding the filing of an appeal, he performs in a professionally unreasonable manner only if he fails to follow a defendant's express instructions with respect to an appeal. *Id.* If counsel has not consulted with his client regarding the filing of an appeal, the court must consider whether this failure constitutes deficient performance. *Id*.

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. *See id*., at 690, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (focusing on the totality of the circumstances). Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Id*. at 479–80.

Petitioner's *Motion to Vacate*, in which Petitioner alleges that he was denied the effective assistance of counsel during plea negotiations, that his attorney failed to consult with him regarding the filing of an appeal, and that his attorney failed to file the appeal after having been requested to do so, was executed under penalty of perjury. Although Petitioner's trial counsel contests all of Petitioner's allegations in connection with these claims, *Affidavit of Attorney Richard A. Cline*, *Exhibit A* to *Return of Writ,* these claims present factual disputes that can be

resolved only after an evidentiary hearing. The Magistrate Judge therefore **RECOMMENDS** that counsel be appointed to represent Petitioner at an evidentiary hearing on these claims.

**Claimed Sentencing Errors**

Petitioner's claims regarding the alleged sentencing errors that occurred in this case should have been raised on appeal because they would have appeared on the face of the record; those claims were not raised on appeal. Thus, absent a showing of cause and prejudice or a showing of actual innocence, Petitioner has waived all of those claims for federal habeas corpus review. *See Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Frady,* 456 U.S. 152, 167–68 (1982). This rule of waiver, however, does not ordinarily apply to claims attributable to the ineffective assistance of counsel.

Petitioner asserts, as cause for his failure to raise these claims on appeal, the ineffective assistance of his counsel. *Memorandum in Support,* PageID #266-67. *See Coleman v. Thompson*, 501 U.S. 722, 753–54 (1991); *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (ineffective assistance of counsel may constitute cause for a procedural default). However, and as noted by Respondent, Petitioner's trial counsel raised all of the alleged errors about which Petitioner now complains. *See Sentencing Memorandum of William Morrison,* ECF 39, PageID #88, *Defendant's Memorandum of Law Regarding No Contest Plea in State Court,* ECF 41, *Morrison's Memo Contra Government's Request for Upward Variance,* ECF 47. *See also Defendant's Memorandum of Law Regarding Career Offender Issue*, ECF 40. After conducting two (2) sentencing hearings, *see Minute Entry*, ECF 42; *Minute Entry*, ECF 48, the objections relating to the claims about which Petitioner now complains were overruled by the Court. Petitioner has not established either that the performance of his trial counsel in this regard was constitutionally deficient or that any deficiency in his counsel's performance worked to

Petitioner's prejudice. *See Strickland*, 466 U.S. at 687. Thus, Petitioner has failed to establish the constitutionally ineffective assistance of counsel in connection with the failure to preserve his claims relating to his sentences. It follows, then, that Petitioner has waived those claims for purposes of federal habeas corpus relief.

**Recommended Disposition**

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that counsel be appointed to represent Petitioner at an evidentiary hearing on his claims that he was denied the effective assistance of counsel because his attorney failed to file an appeal on his behalf and failed to consult with him regarding the filing of an appeal, and because his attorney performed in a constitutionally ineffective manner during pre-trial proceedings. The Magistrate Judge further **RECOMMENDS** that the remainder of Petitioner's claims be **DISMISSED**.

Petitioner's *Motion to Appoint Counsel*, Doc. No. 64, and *Request for an Evidentiary Hearing*, *see* Doc. No. 65, are **GRANTED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                                              *s/ Norah McCann King*
                                                                          Norah McCann King
                                                                          United States Magistrate Judge

April 4, 2014

Case: 2:11-cr-00023-GLF-NMK Doc #: 68 Filed: 04/04/14 Page: 10 of 10  PAGEID #: 292